[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 162.]

NAYLOR, APPELLANT, *v.* CARDINAL LOCAL SCHOOL DISTRICT BOARD OF
EDUCATION, APPELLEE.

[Cite as *Naylor v. Cardinal Local School Dist. Bd. of Edn.*, 1994-Ohio-22.]

*Schools—Teachers—R.C. 3319.11 and 3319.111 must be liberally construed in
favor of teachers—R.C. 3319.111 does not govern evaluation of teacher
employed under a limited contract, when –R.C. 3319.11(G)(2) requires
board of education to provide a clear and substantive basis for its decision
not to reemploy teacher—Requirements for adequate hearing pursuant to
R.C. 3319.11(G)(3), (4) and (5).*

1. R.C. 3319.11 and 3319.111 are remedial statutes that must be liberally construed
   in favor of teachers.

2. Unless a collective bargaining agreement specifically provides to the contrary,
   R.C. 3319.111 governs the evaluation of a teacher employed under a limited
   contract.

3. R.C. 3319.11(G)(2) requires a board of education to provide a teacher under a
   limited contract a clear and substantive basis for its decision not to reemploy
   the teacher for the following school year.

4. The hearing provided teachers under limited contracts pursuant to R.C.
   3319.11(G)(3), (4) and (5) necessarily includes the presentation of
   evidence, confrontation and examination of witnesses and the review of the
   arguments of the parties.

(No. 92-2043—Submitted November 9, 1993—Decided April 27, 1994.)

Appeal from the Court of Appeals for Geauga County, No. 91-G-1629.

————————————

{¶ 1} Plaintiff-appellant, Deborah P. Naylor, was employed for three years
as a ninth grade English and high school reading teacher by defendant-appellee,

Cardinal Local School District Board of Education, under a limited teaching contract that expired August 25, 1990. At that time, plaintiff would have been eligible for a continuing contract (i.e., tenure) as a teacher. On April 9, 1990, the defendant-board voted not to reemploy plaintiff at the expiration of her 1989-1990 contract. In a letter dated April 12, 1990, the board notified plaintiff of its action by certified mail. Consequently, plaintiff's attorney requested a written statement, pursuant to R.C. 3319.11(G)(1), describing the circumstances that led to the board's decision not to reemploy plaintiff. In a letter dated April 26, 1990, the treasurer of the board wrote plaintiff, on the board's behalf, in part as follows:

"In reviewing the long term needs of the District, it was concluded by the Superintendent and accepted by the Board, that the District would be better served by not offering [you] a continuing contract."

{¶ 2} Upon plaintiff's request pursuant to R.C. 3319.11(B)(3), a hearing was held before the board in executive session on May 17, 1990. Over the objections of plaintiff's counsel, however, the board prohibited plaintiff from calling any witnesses to testify on her behalf. Subsequently, in an order dated May 25, 1990, the board affirmed its intention not to reemploy plaintiff for the following school year.

{¶ 3} Thereafter, plaintiff filed the instant action in the court of common pleas, alleging that the board had not complied with the statutory evaluation procedures of R.C. 3319.111 prior to its nonrenewal of her contract, or with the mandate of R.C. 3319.11(G)(2) in describing the circumstances leading to the board's decision not to renew her teaching contract. Plaintiff further alleged that the board had not provided her with the type of hearing contemplated by R.C. 3319.11. In her prayer for relief, plaintiff requested that she be awarded back pay and ordered reemployed as a teacher for the following school year.

{¶ 4} In a judgment entry dated January 25, 1991, the trial court held that while the evaluation procedures required by R.C. 3319.111(B) had not been

adopted by the board, the procedures actually followed did in fact comply with the statute. The court also held that the explanation given to plaintiff regarding the circumstances leading to nonrenewal of her contract was "sufficient to satisfy the requirements of the statute," and that the hearing held before the board "did comply with the terms of the statute as viewed in its legislative history."

{¶ 5} Upon appeal, the court of appeals affirmed. The appellate court held that R.C. 3319.111(A) "was strictly followed by the appellee board," and that the board's adherence to the evaluation procedures set forth in the collective bargaining agreement exceeded the evaluation requirements of R.C. 3319.111. The court further held that the board had accorded plaintiff the type of hearing contemplated by R.C. 3319.11.

{¶ 6} The cause is now before this court pursuant to the allowance of a motion to certify the record.

_____

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald G. Macala, Cornelius J. Baasten* and *Anne Piero-Silagy*, for appellant.

*Christley, Herington, Pierce, Silver & Habowski, Leigh E. Herington* and *Susan S. McGown*, for appellee.

*Means, Bichimer, Burkholder & Baker Co., L.P.A.,* and *Kimball H. Carey*, urging affirmance for *amicus curiae*, Ohio School Boards Association.

_____

**A. William Sweeney, J.**

{¶ 7} In resolving the instant appeal, we are guided by the standard that R.C. 3319.11 and 3319.111 are remedial statutes that must be liberally construed in favor of teachers. R.C. 1.11. See, also, *State ex rel. Luckey v. Etheridge* (1992), 62 Ohio St.3d 404, 406, 583 N.E.2d 960, 962. One of the issues presented in the instant

cause has been resolved by one of the two companion cases to this action, *Farmer v. Kelleys Island Bd. of Edn*. (1994), Ohio St. 3d   N.E.2d

{¶ 8} In Farmer, supra, this court held in the second and third paragraphs of the syllabus that all of the evaluation requirements of R.C. 3319.111(B) are incorporated in R.C. 3319.111(A), thus eliminating the argument that a school board's violation of evaluation requirements in R.C. 3319.111(A) is redressable under R.C. 3319.11(G)(7), but that a violation of evaluation requirements of R.C. 3319.111(B) is not.

{¶ 9} In the cause sub judice, plaintiff-appellant contends that the defendant-appellee board of education failed to adopt the evaluation procedures set forth in R.C. 3319.111(B), and that in ratifying the evaluations given her, the board violated R.C. 3319.111(B)(3) in not providing plaintiff with specific recommendations regarding any improvement she needed to make in her performance as a teacher and means by which she could obtain assistance in making such improvements.

{¶ 10} The board counters plaintiff's arguments by pointing out that the collective bargaining agreement in effect at the time this action arose already provided nonrenewal and evaluation procedures, and that by virtue of R.C. 4117.10 the provisions of the agreement prevail over R.C. 3319.11 and 3319.111.  The board also claims that its evaluations did comply with R.C. 3319.111.  The board contends that R.C. 3319.111(B) does not require that a new set of evaluation procedures be adopted by a board of education, so long as it adheres to evaluation procedures set forth in a collective bargaining agreement that provide as much protection to teachers.

{¶ 11} In response to the board's argument, plaintiff asserts that a board of education is bound to adopt and apply the statutory evaluation procedures of R.C. 3319.111, as well as the evaluation procedures set forth in the collective bargaining

agreement, unless the agreement specifically excludes or negates statutory evaluation procedures.

{¶ 12} With regard to whether the evaluation provisions of the collective bargaining prevail over R.C. 3319.111, we note that R.C. 4117.10 states in part:

"(A) An agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement. *** Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees. *** [T]his chapter prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in this chapter or as otherwise specified by the general assembly." (Emphasis added.)

{¶ 13} This court has held that a provision in a collective bargaining agreement prevails over a conflicting statute. *Cuyahoga Falls Edn. Assn. v. Cuyahoga Falls City School Dist. Bd. of Edn*. (1991), 61 Ohio St.3d 193, 574 N.E.2d 422; *State ex rel. Rollins v. Cleveland Hts.-Univ. Hts. Bd. of Edn*. (1988), 40 Ohio St.3d 123, 532 N.E.2d 1289.

{¶ 14} However, given the remedial nature of R.C. 3319.111 we hold that unless a collective bargaining agreement specifically provides to the contrary, R.C. 3319.111 governs the evaluation of a teacher employed under a limited contract. *See State ex rel. Clark v. Greater Cleveland Regional Transit Auth.* (1990), 48 Ohio St.3d 19, 548 N.E.2d 940, where we held that a collective bargaining agreement must specifically exclude statutory rights in order to negate the application of those rights.

{¶ 15} The collective bargaining agreement was entered into prior to the effective date of R.C. 3319.111, and therefore does not specifically exclude or

negate the rights contained in this statute. However, R.C. 3319.111(A) specifically states that a school board which employs a teacher under a limited contract "*** shall evaluate such a teacher in compliance with the requirements of this section in any school year in which the board may wish to declare its intention not to reemploy him ***." Moreover, R.C. 3319.111(B) provides that "[a]ny board of education evaluating a teacher pursuant to this section shall adopt evaluation procedures that shall be applied each time a teacher is evaluated pursuant to this section." (Emphasis added.)

{¶ 16} Under these circumstances, we believe that while the board was bound by the provisions of the collective bargaining agreement, it was also bound by the statutory evaluation procedures contained in R.C. 3319.111. In failing to adopt the evaluation procedures set forth in R.C. 3319.111, the school board acted improperly in its decision not to reemploy plaintiff. Accordingly, we hold that the lower courts erred in excusing the board from complying with R.C. 3319.111.

{¶ 17} With respect to the issue concerning the procedures that were conducted in evaluating plaintiff's performance as a teacher, the record indicates that plaintiff was evaluated, among other times, on November 27, 1989, December 19, 1989 and March 27, 1990. In each of these evaluation reports, the evaluator cited one or more areas in which plaintiff needed improvement in her teaching performance. While the evaluator in these reports did in some areas provide adequate specific recommendations for improvement and means to obtain assistance, in other areas such as "encourages student participation" he did not. Similar to our holding in the third paragraph of the syllabus in Farmer, supra, we hold that the failure of a board of education to satisfy the requirements of R.C. 3319.111(B)(3) constitutes a failure to comply with the evaluation requirements of

R.C. 3319.111(A), and such failure will permit reviewing court to order the board to reemploy the teacher pursuant to R.C. 3319.11(G)(7).[1]

{¶ 18} An even more compelling argument raised by plaintiff concerns the board's failure to comply with R.C. 3319.11(G)[2] by not providing plaintiff "a written statement describing the circumstances that led to the board's intention not to reemploy" her. In response to plaintiff's timely written demand for a written statement describing the circumstances that led the board to decide not to reemploy her, the board issued the following statement to plaintiff:

"According to the Ohio Revised Code, Section 4117 and the terms of the teacher's Master Agreement, the Board of Education cannot issue another limited teaching contract after a teacher has taught three (3) continuous years at the Cardinal Schools and holds a valid professional teaching certificate. If Mrs. Naylor were to receive another contract in the District, she could only be offered a continuing contract. In reviewing the long term needs of the District, it was

---

1. R.C. 3319.11(G)(7) provides in part:

"Notwithstanding section 2506.04 of the Revised Code, the court in an appeal under this division is limited to the determination of procedural errors and to ordering the correction of procedural errors and shall have no jurisdiction to order a board to reemploy a teacher, except that the court may order a board to reemploy a teacher in compliance with the requirements of division (B), (C)(3), (D), or (E) of this section when the court determines that evaluation procedures have not been complied with pursuant to division (A) of section 3319.111 of the Revised Code or the board has not given the teacher written notice on or before the thirtieth day of April of its intention not to reemploy the teacher pursuant to division (B), (C)(3), (D), or (E) of this section." (Emphasis added.)

2. R.C. 3319.11(G) provides in relevant part as follows:

"(1) Any teacher receiving written notice of the intention of a board of education not to reemploy him pursuant to division (B), (C)(3), (D), or (E) of this section may, within ten days of the date on which he received the notice, file with the treasurer of the board of education a written demand for a written statement describing the circumstances that led to the board's intention not to reemploy the teacher.

"(2) The treasurer of a board of education, on behalf of the board, shall, within ten days of the date on which he receives a written demand for a written statement pursuant to division (G)(1) of this section, provide to the teacher a written statement describing the circumstances that led to the board's intention not to reemploy the teacher."

concluded by the Superintendent and accepted by the Board, that the District would be better served by not offering Mrs. Naylor a continuing contract."

{¶ 19} In our view, this statement by the board is totally inadequate in satisfying what is required by the board under R.C. 3319.11(G)(2). The board's statement does not describe any circumstances explaining how it arrived at its decision. The board's statement is merely conclusory and leaves plaintiff groping for answers as to why she was not offered a continuing contract. If R.C. 3319.11(G)(2) is to have any meaning whatsoever, the written statement from the board must provide the teacher with an explanation of why his or her employment contract is not being renewed. Therefore, we hold that R.C. 3319.11(G)(2) requires a board of education to provide a teacher under a limited contract a clear and substantive basis for its decision not to reemploy the teacher for the following school year. However, under the second paragraph of R.C. 3319.11(G)(7), the failure of the board to provide plaintiff with a clear and substantive basis for its decision not to reemploy her cannot be a ground for an order to reemploy her. See Farmer, supra. Such a failure can be remedied only by an order to give a specific reason, so that a teacher can have a statement of reasons on the record.

{¶ 20} Last, plaintiff contends that the board did not provide her with the type of hearing contemplated by R.C. 3319.11(G)(3), (4) and (5).[3] It is plaintiff's

---

3. R.C. 3319.11(G) provides in pertinent part:

"(3) Any teacher receiving a written statement describing the circumstances that led to the board's intention not to reemploy the teacher pursuant to division (G)(2) of this section may, within five days of the date on which he received the statement, file with the treasurer of the board of education a written demand for a hearing before the board of education pursuant to divisions (G)(4) to (6) of this section.

"(4) The treasurer of the board of education *** shall *** provide to the teacher a written notice setting forth the time, date, and place of the hearing. The board shall schedule and conclude the hearing within forty days of the date on which the treasurer of the board receives a written demand for a hearing pursuant to division (G)(3) of this section.

"(5) Any hearing conducted pursuant to this division shall be conducted by a majority of the members of the board of education. The hearing shall be held in executive session of the board of education unless the board and the teacher agree to hold the hearing in public. The superintendent, assistant superintendent, the teacher, and any person designated by either party to

8

argument that the term "hearing" includes the presentation of evidence, confrontation and examination of witnesses and the review of the arguments of the parties.

{¶ 21} The board responds that the hearing referred to in R.C. 3319.11(G)(5) is not a full evidentiary hearing such as that provided for tenured teachers in R.C. 3319.16, and that, in any event, it carefully followed the precise statutory procedures set forth in R.C. 3319.11(G) in the hearing.

{¶ 22} Additionally, the amicus curiae, Ohio School Boards Association, argues that all Ohio courts that have addressed the issue have unanimously held that a full evidentiary hearing is not required by R.C. 3319.11(G)(5). *See, e.g., Gerner v. Salem City School Dist. Bd. of Edn.* (May 16, 1991) Columbiana C.P. No. 90-CIV-320, affirmed (Oct. 19, 1992), Columbiana App. No. 91-C-33, unreported, 1992 WL 308372; *Lavens v. Gorham-Fayette Local School Bd. of Edn.* (July 24, 1992), Fulton App. No. 91FU000009, unreported.

{¶ 23} While we agree with the board that the type of hearing described in R.C. 3319.11(G)(5) does not necessarily entail the same procedures delineated in R.C. 3319.16, we find that the General Assembly intended a more thorough and formal proceeding than that which was accorded plaintiff. If the General Assembly had intended to restrict a nontenured teacher's right to the simple recitation of a position statement, it could have easily done so by use of another phrase, such as "presentation of argument" or "oral argument." In our view, the requirements of R.C. 3319.11(G)(5) envision more than an informal session between a school board and the teacher, where the teacher makes a verbal presentation protesting nonrenewal of his or her contract. The General Assembly must have intended more in light of the elaborate and comprehensive procedures appearing in R.C. 3319.11,

---

take a record of the hearing may be present at the hearing. The board may be represented by counsel and the teacher may be represented by counsel or a designee. A record of the hearing may be taken by either party at the expense of the party taking the record."

as amended. R.C. 3319.11(G)(5) and (6) speak of a "hearing" and an "order," words clearly suggesting a proceeding that possesses some formality, especially in light of the liberal construction standard which must be applied to this remedial statutory scheme.

{¶ 24} In contrast to the hearing established in R.C. 3319.11(G) for teachers under limited contracts, administrators are merely accorded a "meeting" with the school board to "discuss reasons" for nonrenewal under R.C. 3319.02(D). *State ex rel. Smith v. Etheridge* (1992), 65 Ohio St.3d 501, 507, 605 N.E.2d 59, 64.

{¶ 25} We are also guided by the well-established principle that a statute susceptible of either of two opposing interpretations must be read in the manner which effectuates, rather than frustrates, the major purpose of the General Assembly. *See State v. Glass* (1971), 27 Ohio App.2d 214, 219, 56 O.O.2d 391, 394, 273 N.E.2d 893, 897.

{¶ 26} Upon a careful review of the hearing transcript, we determine that the hearing provided plaintiff was woefully inadequate. The inadequacy of the hearing, along with the fact that the board failed to provide plaintiff a clear and substantive basis for its decision not to reemploy her as required by R.C. 3319.11(G)(2), leaves plaintiff at a loss to address, explain or defend against the reasons for nonrenewal, whether to the school board or to a prospective employer.

{¶ 27} Given the General Assembly's use of the term "hearing" in R.C. 3319.11(G)(3), (4) and (5), we can only conclude that the legislature intended the term to be given its ordinary meaning, to provide some measure of security to the nontenured teacher faced with the possibility of nonrenewal of his or her teaching contract. Our conclusion is further compelled by the remedial nature of these provisions. R.C. 1.11. Therefore, we hold that the hearing provided teachers under limited contracts by R.C. 3319.11(G)(3), (4) and (5) necessarily includes the presentation of evidence, confrontation and examination of witnesses and the review of the arguments of the parties.

10

**{¶ 28}** Based on all of the foregoing, we reverse the judgment of the court of appeals and order defendant board of education to reinstate plaintiff to a one-year extended limited contract and to award plaintiff all compensation and benefits that she lost as a result of the board's unlawful action, in accordance with the fourth paragraph of the syllabus in *Farmer*, supra.

*Judgment reversed.*

Douglas, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., Wright and Deshler, JJ., dissent.

Dana A. Deshler, Jr., J., of the Tenth Appellate District, sitting for Resnick, J.

_____

**MOYER, C.J., dissenting.**

**{¶ 29}** "[A]n unambiguous statute means what it says." *Hakim v. Kosydar* (1977), 49 Ohio St.2d 161, 164, 3 O.O.3d 211, 213, 359 N.E.2d 1371, 1373 (citing *Chope v. Collins* [1976], 48 Ohio St.2d 297, 300, 2 O.O.3d 442, 444, 358 N.E.2d 573, 575, fn. 2). This maxim leads me to conclude that R.C. 3319.11(G)(7) permits the reinstatement of a limited contract teacher only when a court finds a violation of R.C. 3319.111(A). Accordingly, I respectfully dissent.

**{¶ 30}** R.C. 3319.11 and 3319.111 are remedial in nature and entitled to a liberal interpretation. Nevertheless, even the liberal interpretation of a statute does not justify a court in reading into it a result that the language does not reasonably imply. *Szekely v. Young* (1963), 174 Ohio St. 213, 22 O.O.2d 214, 188 N.E.2d 424, paragraph two of the syllabus. R.C. 3319.11(G)(7) states in pertinent part: "[T]he court in an appeal under this division *** shall have no jurisdiction to order a board to reemploy a teacher, except *** when the court determines that evaluation procedures have not been complied with pursuant to division (A) of section 3319.111 of the Revised Code." R.C. 3319.111 enumerates the procedural requirements that school boards must follow in separate divisions, (A) and (B). I

believe this separation was intentional. The clear import of the above-quoted language is that the General Assembly intended the remedy of reinstatement to be available only for violations of division (A), not for violations of division (B).

{¶ 31} If the General Assembly had intended reinstatement to be an available remedy for violations of division (B), it could have done so, quite clearly, in two ways. It could have deleted the words "division (A) of" from the above-quoted portion of R.C. 3319.11(G)(7). Else, it could have added the words "or (B)" to the same clause. Either method would have unequivocally made violations of division (B) grounds for reinstatement.

{¶ 32} A court must interpret a statute so as to give effect to every word in it. *See, e.g., E. Ohio Gas Co. v. Pub. Util. Comm.* (1988), 39 Ohio St.3d 295, 530 N.E.2d 875; *State ex rel. Bohan v. Indus. Comm.* (1946), 147 Ohio St. 249, 34 O.O. 151, 70 N.E.2d 888. The majority's interpretation effectively reads the words "division (A) of" out of R.C. 3319.11(G)(7). If the General Assembly had intended reinstatement to be a remedy for violations of R.C. 3319.111(B), it would have expressly said so. Because it did not, I respectfully dissent.

WRIGHT and DESHLER, JJ., concur in the foregoing dissenting opinion.

———————————