THOMAS, APPELLANT, *v.* BOARD OF EDUCATION OF THE
NEWARK CITY SCHOOL DISTRICT, APPELLEE.

[Cite as *Thomas v. Newark City School Dist.*
*Bd. of Edn.* (1994), 71 Ohio St.3d 251.]

(No. 93–256—Submitted November 2, 1994—Decided December 20, 1994.)

*Cloppert, Portman, Sauter, Latanick & Foley* and *Susan Kozlowski,* for appellant.

*Baker & Hostetler, Ronald G. Linville* and *Ellen J. Garling,* for appellee.

*Means, Bichimer, Burkholder & Baker Co., L.P.A.,* and *Kimball H. Carey,* urging affirmance for *amicus curiae,* Ohio School Boards Association.

WRIGHT, J.   Richard Thomas argues that the trial court should have ordered the board to reinstate him with back pay, because the written evaluations of Thomas failed to comply with R.C. 3319.111(B)(3).   That division provides:

"(B) Any board of education evaluating a teacher pursuant to this section shall adopt evaluation procedures that shall be applied each time a teacher is evaluated pursuant to this section.   These evaluation procedures shall include, but not be limited to:

" * * *

"(3) A written report of the results of the evaluation that includes specific recommendations regarding any improvements needed in the performance of the teacher being evaluated and regarding the means by which the teacher may obtain assistance in making such improvements."

Since the court of appeals entered its judgment in this case, this court has held that "the failure of a board of education to satisfy the requirements of R.C. 3319.111(B)(3) constitutes a failure to comply with the evaluation requirements of R.C. 3319.111(A), and such failure will permit a reviewing court to order the board to reemploy the teacher pursuant to R.C. 3319.11(G)(7)."[3]   *Naylor v. Cardinal Local School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 162, 166, 630 N.E.2d 725, 729.   See *Farmer v. Kelleys Island Bd. of Edn.* (1994), 69 Ohio St.3d

---

3.  Since the trial court entered its judgment in this case, R.C. 3319.11(G)(7) and 3319.111(A) have been amended.   However, those amendments do not affect the holdings in *Naylor* and *Farmer* or the analysis in this case.

156, 630 N.E.2d 721, paragraph two of syllabus (stating that a "proper evaluation under * * * R.C. 3319.111[A] contains all the elements delineated in R.C. 3319.111[B]"). See, also, *Farmer v. Kelleys Island Bd. of Edn.* (1994), 70 Ohio St.3d 1203, 1208, 638 N.E.2d 79, 82. Thus, the only remaining issue in this case is whether the evaluations of Thomas complied with the requirements under R.C. 3319.111(B)(3).

We find that the evaluations of Thomas met the requirements set forth in R.C. 3319.111(B)(3).

The first evaluation of Thomas, dated December 10, 1990, clearly met the requirements of R.C. 3319.111(B)(3). That evaluation contained the following specific recommendations regarding improvements needed in Thomas' performance as a teacher: (1) "[c]onstruct more detailed lesson plans which include topics to be taught, objectives for the day, and any homework assigned"; (2) "[s]pend time each day teaching techniques of Mystery and College Writing"; and (3) "[a]ssign some of the work now being done in class as homework so you have time to cover the topics during class." The first evaluation also contained the following specific recommendations regarding the means by which Thomas could obtain assistance in making the needed improvements: (1) "[r]eview the college writing and mystery curriculum in the graded course of study"; (2) review "availabel [*sic*] course outlines"; and (3) have a "discussion with your department chairman."

The second evaluation of Thomas, dated March 15, 1991, also met the requirements of R.C. 3319.111(B)(3). The key paragraph in the second evaluation states, "In the performance checklist that I gave you in December, I indicated several concerns. I also made several specific suggestions in the [first evaluation] at the same time. I do not feel that you have made enough improvement for me to recommend that your contract be renewed." This paragraph expressly incorporated by reference the specific recommendations regarding Thomas' needed improvements and the means by which Thomas could obtain assistance in making those improvements that were listed in the performance checklist and the first evaluation, both of which Thomas had signed. It is clear that Roberts' previous concerns and suggestions regarding Thomas' teaching performance were still at issue in Roberts' second evaluation of Thomas.

We believe that an evaluator complies with R.C. 3319.111(B)(3) when he incorporates by reference the statutorily mandated recommendations listed in earlier written reports that the teacher who is being evaluated has seen. Any other interpretation of R.C. 3319.111(B)(3) would be unreasonable, would serve no useful purpose, and would infringe unjustifiably upon a board of education's decision not to renew a teacher's contract. Although R.C. 3319.11 and 3319.111 must be construed liberally in favor of teachers because they are remedial

statutes, a court may not read into a statute a result that the language does not reasonably imply. See *Szekely v. Young* (1963), 174 Ohio St. 213, 22 O.O.2d 214, 188 N.E.2d 424, paragraph two of the syllabus.

For the foregoing reasons, we affirm the judgment of the court of appeals, albeit for different reasons.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs in judgment only.