GEIB, APPELLANT, *v.* TRIWAY LOCAL [SCHOOL DISTRICT] BOARD OF EDUCATION, APPELLEE.

[Cite as *Geib v. Triway Local School Dist. Bd. of Edn.* (1999), 84 Ohio St.3d 447.]

448

(No. 98–67—Submitted December 2, 1998—Decided February 17, 1999.)

*Green, Haines, Scambati, Murphy & Macala Co., L.P.A., Ronald G. Macala* and *Anthony M. DioGuardi II,* for appellant.

*Means, Bichimer, Burkholder & Baker Co., L.P.A., Scott C. Peters* and *Susan S. McGown,* for appellee.

---

FRANCIS E. SWEENEY, SR., J. We are asked to decide whether a board of education's statement describing the circumstances behind its decision not to renew a limited teaching contract satisfies R.C. 3319.11(G)(2) when it incorporates by reference prior evaluation reports and appraisals. We find that compliance with R.C. 3319.11(G)(2) requires a board of education to expressly state the reasons for nonrenewal and that reference to deficiencies cited in past reports is insufficient. Since the board did not comply with this mandate, we reverse the judgment of the court of appeals and award appellant backpay until the board provides her with a more detailed written statement of circumstances explaining the reasons for its nonrenewal of her contract.

The Ohio Teacher Tenure Act, contained in R.C. Chapter 3319, is remedial legislation that is to be construed liberally in favor of teachers. *State ex rel. Brennan v. Vinton Cty. Local School Dist. Bd. of Edn.* (1985), 18 Ohio St.3d 208, 209, 18 OBR 271, 272, 480 N.E.2d 476, 477; *Kiel v. Green Local School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 149, 150, 630 N.E.2d 716, 717. R.C. 3319.11 was revised in 1989 to give procedural safeguards to nontenured teachers. *Id.* One such safeguard is found in R.C. 3319.11(G).

R.C. 3319.11(G)(1) provides that a teacher whose contract is not renewed may file a written demand with the board's treasurer for a written statement describing the circumstances leading to nonrenewal. R.C. 3319.11(G)(2) requires the treasurer to respond within ten days of receiving the demand and "to provide to the teacher a written statement describing the circumstances that led to the board's intention not to reemploy the teacher."

In *Naylor v. Cardinal Local School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 162, 630 N.E.2d 725, paragraph three of the syllabus, we held that "R.C. 3319.11(G)(2) requires a board of education to provide a teacher under a limited contract a clear and substantive basis for its decision not to reemploy the teacher for the following school year." In that case, we found the statement issued by the board of education defective because it failed to specify how the board had arrived at its decision.[1] We said, "The board's statement is merely conclusory and leaves

---

1. The statement provided to the teacher in *Naylor* reads as follows: "According to the Ohio Revised Code, Section 4117 and the terms of the teacher's Master Agreement, the Board of Education cannot issue another limited teaching contract after a teacher has taught three (3) continuous years at the Cardinal Schools and holds a valid teaching certificate. If Mrs. Naylor were to receive another contract in the District, she could only be offered a continuing contract. In reviewing the long term needs of the District, it was concluded by the Superintendent and accepted by the Board,

plaintiff groping for answers as to why she was not offered a continuing contract. If R.C. 3319.11(G)(2) is to have any meaning whatsoever, the written statement from the board must provide the teacher with an explanation of why his or her employment contract is not being renewed." *Id.* at 167, 630 N.E.2d at 729.

In this case, appellant demanded from the board of education a written statement explaining why her contract was not being renewed. The board responded as follows:

"The reasons for your nonrenewal are those deficiencies which are described in the classroom observations forms dated 10/24/95; 11/7/95; 12/4/95; 2/14/96; 2/26/96 and in the End of the Year Appraisal form dated 3/8/96. Those concerns and deficiencies were orally discussed with you and copies of the observation and appraisal forms were previously provided to you. Those forms are incorporated by reference into and made a part of this statement."

The board argues that this statement complies with the statutory mandates of R.C. 3319.11. By referring to deficiencies contained in prior evaluation forms, the board contends, it has adequately informed appellant of the reasons why it elected not to continue her employment. To support its position that incorporation of documents by reference satisfies the mandates of R.C. 3319.11, the board relies on *Thomas v. Newark City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 251, 643 N.E.2d 131. In *Thomas,* we held that in the context of teacher evaluations, incorporation of documents by reference is an acceptable means of satisfying R.C. 3319.111(B)(3), which requires that a teacher be advised of specific recommendations for improvements.

We are unwilling to extend the rationale of *Thomas,* which deals solely with teacher evaluations, to cases involving the nonrenewal of a limited teaching contract. When teachers are evaluated, it is common practice for administrators to make recommendations for improvements and to refer to these recommendations in subsequent reports. Thus, the incorporation of documents by reference supports that practice. However, when a teacher's limited contract is not renewed, we have interpreted R.C. 3319.11(G)(2) to require that the teacher be provided with a clear explanation behind the board of education's decision. *Naylor, supra.* In this respect, the teacher is to be afforded "some measure of protection." *Gerner v. Salem City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 170, 173, 630 N.E.2d 732, 734. We do not believe this goal is accomplished when a board of education simply states that its reasons are the deficiencies described in past records and directs a teacher to review the past records to learn why she is not being reemployed. As the trial court aptly noted, "A review of these forms

that the District would be better served by not offering Mrs. Naylor a continuing contract." 69 Ohio St.3d at 166, 630 N.E.2d at 729.

[evaluation reports and year-end appraisals] shows that they provide a plethora of facts, data, evaluation and comments from school principals. But the board has not *clearly* told the teacher why she was not re-employed. They have left her to figure it out for herself by reviewing the six forms. The board has not met its responsibility under R.C. 3319.11(G)(2)." (Emphasis *sic.*)

Therefore, under the rationale of *Naylor, supra,* we find that the statement provided to appellant by the board is defective, since it did not expressly list the reasons why appellant's contract was not being renewed. We hold that pursuant to R.C. 3319.11(G)(2), a board of education must provide a teacher with a clear and substantive basis for its decision not to renew a limited teaching contract. To satisfy this requirement, a board of education must expressly state the reasons underlying its decision and cannot incorporate by reference prior administrative reports as a basis for its decision.

Because of the board's failure to adequately describe the circumstances that led to its decision not to reemploy her, appellant is entitled to an award of backpay until the board provides her with a sufficient statement of circumstances. *Gerner, supra.*

Accordingly, the decision of the court of appeals is reversed, and the judgment of the trial court is reinstated.

*Judgment reversed*
*and trial court judgment reinstated.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

COOK, J., dissents.

---

LUNDBERG STRATTON, J., concurring. I agree with the majority, except I would further clarify the board's liability for backpay.

In *Gerner v. Salem City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 170, 630 N.E.2d 732, this court held:

"When a board of education violates R.C. 3319.11(G)(2) by failing to adequately describe the circumstances that led to its decision not to reemploy a teacher, a court in an appeal under R.C. 3319.11(G)(7) may award the teacher back pay *until the board provides an adequate statement* of the circumstances." (Emphasis added.) *Id.* at syllabus.

At oral argument, the board's counsel indicated that the board has now provided Geib with an adequate statement of the circumstances pertaining to the

board's failure to reemploy her. Assuming this to be true and further assuming that the statement provided to Geib meets the test set out by the majority, it is my opinion that, pursuant to *Gerner*, the board is no longer under an obligation to provide Geib any further statement. It is also my opinion that under these circumstances *Gerner* dictates that the board would owe Geib backpay from the last date of her employment until the date that the board provided her the adequate statement as to why she was not reemployed.

Therefore, I concur.

---

**COOK, J., dissenting.** I would hold that the statement issued by the board citing deficiencies coupled with the reference to prior evaluations suffices to comport with the requirements of R.C. 3319.11(G)(2). The board's statement prompted this teacher to request a hearing on her nonrenewal. At that hearing, which lasted hours, Geib attempted to refute the deficiencies and the decision on nonrenewal. The board did not change its decision, but the length and thoroughness of its review belie the argument that Geib needed more information, or more explicit information, from the board in order to pursue her appeal of the decision.

I would affirm the judgment of the court of appeals. The most thorough explanation of the nonrenewal of a teacher who is being let go due to deficiencies discerned by administrators when performing in-classroom evaluations is to incorporate by reference all such evaluations, as was done here.