**[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 374.]**

TRIWAY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE, *v*. GEIB
ET AL., APPELLANTS.

**[Cite as *Triway Loc. School Dist. Bd. of Edn. v. Geib*, 2000-Ohio-346.]**

*Schools—Teachers—Arbitration—Court of appeals' judgment reversed and trial*
*court's judgment reinstated on authority of Findlay City School Dist. Bd. of*
*Edn. v. Findlay Edn. Assn.*

(No. 99-1025—Submitted February 23, 2000—Decided April 12, 2000.)

APPEAL from the Court of Appeals for Wayne County, No. 97CA0077.

_____

*Means, Bichimer, Burkholder & Baker Co., L.P.A., Scott C. Peters* and
*Krista M. Kay*, for appellee.

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald G.*
*Macala* and *Anthony M. DioGuardi II*, for appellants.

_____

{¶ 1} The judgment of the court of appeals is reversed, and the judgment of
the trial court is reinstated on the authority of *Findlay City School Dist. Bd. of Edn.*
*v. Findlay Edn. Assn.* (1990), 49 Ohio St.3d 129, 551 N.E.2d 186.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG
STRATTON, JJ., concur.

COOK, J., dissents.

_____

**COOK, J., dissenting.**

{¶ 2} I would affirm the judgment of the court of appeals. That judgment
turned on the difference between the requirements of the collective bargaining
agreement and the statutory requirements governing the non-renewal of this
teacher. In *Geib v. Triway Loc. School Dist. Bd. of Edn.* (1999), 84 Ohio St.3d 447,
705 N.E.2d 326, this court considered only the issue of whether the Statement of

Circumstances provided to this teacher met the statutory requirements of R.C. 3319.11(G). Here, the court of appeals concluded that the arbitrator, in evaluating the school district's adherence to the collective bargaining agreement in substantiating its decision not to continue this teacher's employment, erred by using the statutory criteria dictated in the prior case rather than the pertinent criteria set forth in the collective bargaining agreement.

{¶ 3} The collective bargaining agreement requires that the school district substantiate the basis for non-renewal with written evaluations of the employee and/or other written material, and does not even require that the employee be *provided* with the substantiation. The statute, on the other hand, requires that the board of education provide a non-renewed teacher with a "written statement describing the circumstances that led to the board's intention not to reemploy the teacher" if the teacher so requests. R.C. 3319.11(G)(2). This statement must demonstrate a "clear and substantive" basis for its decision not to reemploy the teacher. See *Naylor v. Cardinal Loc. School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 162, 630 N.E.2d 725, paragraph three of the syllabus.

{¶ 4} Despite these distinctions between the collective bargaining agreement and the statute, the arbitrator patterned his finding on the finding of Judge Wiest in the prior case, saying, "[T]he Statement of Circumstances provided to the Grievant failed to 'clearly' 'substantiate' the reasons for her non-renewal. This is a fatal defect in the position of the District."

{¶ 5} The arbitrator confined his consideration to the statutory standards. His decision, therefore, cannot reasonably be said to have drawn its essence from *the collective bargaining agreement*. Thus, the court of appeals correctly reversed and remanded the cause for a new hearing, holding that the arbitrator exceeded his authority by failing to adhere to the plain language of the collective bargaining agreement. I must, therefore, respectfully dissent.

————————————