DECISION AND JUDGMENT ENTRY
{¶ 1} Teacher Robert Perkins appeals the Ross County Court of Common Pleas' decision favoring Pickaway/Ross County Joint Vocational School District Board of Education ("Board"). The Board did not renew his teaching contract after the 1999/2000 school year. Perkins argues that the trial court erred when it interpreted R.C. 3319.111(B)(3) and Thomas v. Board of Educationof the Newark City School District (1994), 71 Ohio St.3d 251, to allow his evaluator to incorporate by reference a prior document to meet the requirements of R.C. 3319.111(B)(3). We disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The Board employed Perkins as a performing arts teacher under a series of limited contracts. His last limited contract was for two years and expired at the end of the 1999/2000 school year. He received two evaluations during his last year. Each evaluation consisted of two observations by Linda Trimmer, a licensed evaluator, administrator and supervisor.
 {¶ 3} Trimmer first observed Perkins on October 26, 1999. She prepared a written document for Perkins on November 1, 1999 called "Plan of Action for Improvement" aka "Plan for Improvement," which included recommendations for improvement and means of assistance for improvement. Trimmer next observed Perkins on January 13, 2000. These two observations led to the first evaluation.
 {¶ 4} Trimmer marked ten of the thirty-four criteria in this first evaluation as needing improvement: (1) compliance with board policy and administrative procedure, (2) the teacher's reaction to constructive criticism, (3) mature judgment, (4) "personnel relationships," (5) "tact/poise," (6) supporting youth activities "to develop leadership abilities and citizenship responsibilities," (7) maintaining a neat and orderly classroom/lab, (8) recruiting and pursuing student placement opportunities, (9) "discipline and control" and (10) lesson plans. Trimmer incorporated by reference the recommendations for improvement and the means of assistance to attain those improvements within her "Supervisor's Comments" by stating, "Continue to work on your plan for improvement of November 1, 1999 — needs to be a high priority."
 {¶ 5} After two more observations, Trimmer prepared the second evaluation in the spring of 2000. The second evaluation also had ten criteria marked as needing improvement and in the "Supervisor's Comments" provided: "I continue to recommend the specific suggestions for improvement and the recommended means of assistance I gave you in the Plan of Action for Improvement dated November 1, 1999."
 {¶ 6} The Board did not renew Perkins' limited contract. Perkins asked the Board for a statement of the circumstances surrounding the non-renewal of his contract. The Board answered, pursuant to R.C. 3319.11 (G)(2), and stated that Perkins "failed to maintain student discipline and control conducive to the learning experience * * * with the results that students were absent from your classes at unacceptable levels." Perkins requested a hearing before the Board. At the hearing, Perkins addressed the Board, but afterwards, it still affirmed its decision to non-renew Perkins' contract.
 {¶ 7} Perkins appealed the Board's decision to the common pleas court. The court affirmed the Board's decision.
 {¶ 8} Perkins appeals the trial court's decision and assigns the following assignment of error: "The trial court erred in its finding that the defendant-appellee complied with the requirements of § 3319.111(B)(3) by referencing a plan for improvement in plaintiff-appellant's evaluations, rather than providing recommendations for improvement, and the means by which a teacher could obtain assistance in making improvements, in the formal evaluations."
 II. {¶ 9} Perkins argues that the Board violated R.C.3319.111(B)(3) by failing to provide specific recommendations for improvement and the means whereby he could obtain assistance in both of his evaluations. He contends that Trimmer could not incorporate by reference the November 1, 1999 "Plan of Action for Improvement," which did include recommendations for improvement and means of assistance. He claims that the trial court erred when it relied on Thomas, supra, to allow the incorporation by reference of the document into his two evaluations. We conduct a de novo review to interpret R.C. 3319.111(B)(3) and Thomas.
 {¶ 10} R.C. 3319.11(G)(7) states: "Notwithstanding section2506.04 of the Revised Code, the court in an appeal under this division is limited to the determination of procedural errors and to ordering the correction of procedural errors and shall have no jurisdiction to order a board to reemploy a teacher, except that the court may order a board to reemploy a teacher in compliance with the requirements of division (B), (C)(3), (D), or (E) of this section when the court determines that the evaluation procedures have not been complied with pursuant to division (A) of section 3319.111 of the Revised Code or the board has not given the teacher written notice on or before the thirtieth day of April of its intention not to reemploy the teacher pursuant to division (B), (C)(3), (D), or (E) of this section." "R.C.3319.11(G)(7) limits a court's scope of review to procedural matters by expressly excluding the substantive review of the merits otherwise available under R.C. 2506.04." Kiel v. GreenLocal School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 149,151-152.
 {¶ 11} R.C. 3319.111(A) requires a board of education to evaluate a teacher employed under a limited contract at least twice during any school year in which the board wishes to declare its intention not to renew the teacher's contract. R.C.3319.111(B) provides: "Any board of education evaluating a teacher pursuant to this section shall adopt evaluation procedures that shall be applied each time a teacher is evaluated pursuant to this section. These evaluation procedures shall include, but not be limited to: (1) Criteria of expected job performance in the areas of responsibility assigned to the teacher being evaluated; (2) Observation of the teacher being evaluated by the person conducting the evaluation on at least two occasions for not less than thirty minutes on each occasion; (3) A written report of the results of the evaluation that includes specific recommendations regarding any improvements needed in the performance of the teacher being evaluated and regarding the means by which the teacher may obtain assistance in making such improvements."
 {¶ 12} "R.C. 3319.11 and 3319.111 are remedial statutes that must be liberally construed in favor of teachers." Naylor v.Cardinal Local School Dist. Bd. of Edn. (1994),69 Ohio St.3d 162, paragraph one of the syllabus. "[T]he failure of a board of education to satisfy the requirements of R.C. 3319.111(B)(3) constitutes a failure to comply with the evaluation requirements of R.C. 3319.111(A), and such failure will permit a reviewing court to order the board to reemploy the teacher pursuant to R.C.3319.11(G)(7)." Id. at 166. However, "an evaluator complies with R.C. 3319.111(B)(3) when he incorporates by reference the statutorily mandated recommendations listed in earlier written reports that the teacher who is being evaluated has seen."Thomas, supra, at 255. The Thomas court acknowledged that "R.C. 3319.11 and 3319.111 must be construed liberally in favor of teachers," but "a court may not read into a statute a result that the language does not reasonably imply." Id. at 256.
 {¶ 13} Here, the November 1, 1999 "Plan of Action for Improvement" included the required R.C. 3319.111(B)(3) recommendations for improvement and means of assistance. It was an earlier written report that Perkins had seen. Hence, Trimmer complied with R.C. 3319.111(B)(3) when she incorporated by reference into Perkins' two evaluations the "Plan of Action for Improvement," which contained the recommendations for improvement and means of assistance. Id.
 {¶ 14} The facts of this case are very similar to the facts in Thomas. Here, the document incorporated by reference into the two written evaluations was created after one observation while the document incorporated by reference in Thomas was created after two observations. We consider this as a distinction without a difference because both documents were earlier written reports that the teacher had seen. However, Thomas does not allow a board of education to incorporate by reference a prior administrative report when it gives its reasons for not renewing a teacher's contract under R.C. 3319.11(G)(2). Geib v. TriwayLocal Bd. of Edn. (1999), 84 Ohio St.3d 447, syllabus. Hence, we interpret Thomas to only allow an evaluator to incorporate by reference a prior administrative report into the written evaluation involving R.C. 3319.111(B)(3).
 {¶ 15} Accordingly, we overrule Perkins assignment of error and affirm the decision of the trial court.
Judgment Affirmed.
Abele, J. and Evans, J., concur in Judgment and Opinion.