ZARTMAN v. BOARD OF EDN. OF LAKOTA LOCAL SCHOOL DIST.

(No. 34494—Decided April 24, 1972.)

Common Pleas Court of Seneca County.

*Messrs. Hanna & Hanna*, for plaintiff.
*Messrs. Squire, Sanders & Dempsey* and *Mr. John P. Lewis*, for defendant.

BOZARTH, J. This cause came on for hearing on the plaintiff's complaint, the defendant's answer thereto, the testimony and evidence produced at trial before the court, no demand for a jury trial having been made, and the briefs submitted by the parties.

The court finds that all parties have been properly served and have entered their appearance, in person and by counsel, and that the court has jurisdiction of the parties to the action and the subject matter of the action.

Upon consideration of the evidence, the court finds that plaintiff held a temporary teaching certificate issued by the State Department of Education authorizing him to teach in the public schools for the school year 1969-1970, and that plaintiff was employed by the defendant board of education under a one-year limited teaching contract as a classroom teacher in the defendant's school district for the school year 1969-1970. The court determines that the plaintiff was a "teacher" during the 1969-1970 school year, as that term is defined and used in the teacher contract law, R. C. 3319.07 *et seq.*

The court finds from the evidence that on or about April 20, 1970, the defendant board of education met to receive, consider and act on the recommendation of the county Superintendent of Schools as to which teachers should and which should not be reemployed in the defendant's school district for the succeeding school year, 1970-1971. The superintendent's recommendation, which was adopted by the board and made a part of the board minutes, was that "* * * the teachers who are working with only temporary certification not be offered a new contract until proper certification is assured." The evidence fails to disclose any clear and unambiguous recommendation to, or action by, the defendant board of education prior to May 1, 1970, in regard to the reemployment or nonreemployment of the temporarily certificated teachers in the school district. The evidence establishes that plaintiff subsequently notified the administrative officers of the defendant board that he would have, and that he did in fact obtain, proper certification prior to the opening of the annual session of schools for the 1970-1971 school year.

When plaintiff reported for duty in the defendant school system in the fall of 1970, he was refused employment for the reason that his employment contract with the board was not renewed in April 1970, and plaintiff then commenced the instant action.

R. C. 3319.11 provides, in pertinent part:

"Any teacher employed under a limited contract, and not eligible to be considered for a continuing contract, is, at the expiration of such limited contract, deemed reemploy-

ed under the provisions of this section at the same salary plus any increment provided by the salary schedule unless the employing board, acting on the superintendent's recommendation as to whether or not the teacher should be reemployed, gives such teacher written notice of its intention not to reemploy him on or before the thirtieth day of April. Such teacher is presumed to have accepted such employment unless he notifies the board in writing to the contrary on or before the first day of June, and a written contract for the succeeding school year shall be executed accordingly. The failure of the parties to execute a written contract shall not void the automatic reemployment of such teacher."

A considerable amount of testimony was adduced at trial, on behalf of plaintiff and on behalf of defendant, which was subjected to extensive and searching cross-examination and redirect examination, as to whether the alleged written notice pertaining to the attempted nonrenewal of plaintiff's classroom teaching contract, required by R. C. 3319.11, was prepared and delivered by defendant and received by plaintiff on or before the April 30, 1969, statutory deadline. Testimony on plaintiff's behalf was in sharp contradiction to the testimony on defendant's behalf regarding the delivery and receipt of the written notice. Upon consideration of the applicable statutes, case law, and opinions pertaining thereto, this court holds that the burden of proving the giving of the statutory notice of intent not to reemploy was on the defendant board, and this court finds, from all the testimony and evidence presented, that the defendant board of education failed to prove by a preponderance of the evidence that the defendant did in fact give plaintiff written notice on or before the thirtieth day of April 1969, of its intention not to reemploy him as a classroom teacher.

It is, therefore, the finding, determination, and judgment of the court that plaintiff was deemed reemployed by the defendant board for the succeeding school year, 1970-1971, pursuant to the automatic reemployment provision of R. C. 3319.11, and that the defendant board breached plaintiff's contract by operation of law and violated plain-

tiff's rights established by R. C. 3319.11, when it, through its employees, refused plaintiff employment, salary and fringe benefits for the 1970-1971 school year.

It is therefore ordered, adjudged, and decreed that the defendant board is liable to plaintiff in the amount of seven thousand six hundred fifty-four and 56/100ths ($7,-654.56) dollars as damages for breach of contract, such amount being the sum of the contract salary of $9,177.00 for the 1970-1971 school year and the cash equivalent of board paid fringe benefits in the amount of $144.00 for such year, less the amount of compensation earned by plaintiff from other employment during the 1970-1971 school year, $1,666.44, which total amount shall bear interest at the rate of six percent per year computed upon each salary installment thereof had the contract been honored and the installments paid when due in accordance with the established pay practices in the school district.

It is further ordered that the defendant board make the necessary payment of the employer's contribution to the State Teachers' Retirement System on behalf of plaintiff with respect to the 1970-1971 school year as is required under R. C. Chapter 3307 and that the clerk of the court forthwith furnish a certified copy of this entry to the State Teachers' Retirement System.

It is further ordered that the defendant board give plaintiff full credit for sick leave rights accrued under R. C. 3319.141 in respect to the 1970-1971 school year.

It is further ordered that the defendant board pay to plaintiff the sum of five hundred dollars plus lawful interest, being the amount of additional salary owed plaintiff as veteran's benefits which remain due and unpaid arising out of plaintiff's employment with the defendant during the school years 1967-1968 and 1968-1969 as provided for in the salary schedule of the school district for such years and as agreed to by counsel for the parties in open court.

*Judgment accordingly.*