JOURNAL ENTRY AND OPINION
Plaintiff-appellant, Kathy W. Coleman, appeals the decision of the Cuyahoga County Common Pleas Court granting the motion to dismiss filed by defendant-appellee, East Cleveland City School District and Board of Education. For the reasons that follow, we reverse and remand.
The record reveals that appellant was employed by the East Cleveland City School District ("ECCSD") as a teacher under a limited contract. ECCSD decided not to renew appellant's contract and sent her notice to that effect in a letter dated April 10, 2000. Appellant responded by (1) requesting a written response as to the reasons behind ECCSD's decision; (2) filing a grievance with ECCSD; and (3) requesting a hearing. ECCSD denied her grievance as well as her request for a hearing as untimely. Shortly thereafter, appellant filed the within complaint against ECCSD[1]
alleging that ECCSD improperly failed to continue her employment in violation of R.C. 3319.11 and 3319.111 as well as applicable portions of the parties' collective bargaining agreement.[2] Appellant specifically alleged, inter alia, that the notice of non-renewal was not received on or before April 30th as is required by R.C. 3319.11(E) and (H). ECCSD moved to dismiss arguing that appellant failed to exhaust her administrative remedies under the collective bargaining agreement and, therefore, the trial court lacked subject matter jurisdiction. The trial court ultimately granted ECCSD's motion to dismiss on the basis that the court lacked subject-matter jurisdiction under Civ.R. 12(B)(1).[3]
Appellant is now before this court and appeals that decision in her sole assignment of error.
A dismissal for lack of subject matter jurisdiction under Civ.R. (12)(B)(1) is reviewed de novo. Shockey v. Fouty (1995),106 Ohio App.3d 420, 424. When reviewing a motion to dismiss for lack of subject matter jurisdiction, a trial court is not confined to the allegations contained in the complaint and has the authority to consider any pertinent evidentiary materials. See Southgate Development Corp. v.Columbia Gas Transmission Corp. (1976), 48 Ohio St.2d 211, paragraph one of the syllabus.
Evaluation procedures for teachers under a limited contract are governed by R.C. 3319.111 unless a collective bargaining agreement expressly provides to the contrary. Naylor v. Cardinal Local SchoolDist. Bd. of Edn. (1994), 69 Ohio St.3d 162, paragraph two of the syllabus; see, also, State ex rel. Ohio Assn. of Pub. SchoolEmp./AFSCME, Local 4, AFL-CIO v. Batavia Local School Dist. Bd. of Edn. (2000), 89 Ohio St.3d 191, 196. Similarly, R.C. 3319.11(G) provides detailed procedures for appeal once a teacher receives written notice of the school district's decision not to reemploy unless an agreement to the contrary provides otherwise. Under this subdivision, teachers are entitled to a written statement describing the circumstances behind the school district's intention not to reemploy and may request a hearing before the school board upon receiving that statement. If the school board affirms the decision not to reemploy, R.C. 3319.11(G)(7) authorizes the teacher to appeal to a court of common pleas.
In this case, however, the collective bargaining agreement expressly provides that any appeal must be in accordance with the correspondingprovisions in the agreement. Article XVIII, Section E of the parties' bargaining agreement provides:
 The parties agree that employees may be nonrenewed through either Article XVIII, EMPLOYEE EVALUATION, or Article XX, STAFF REDUCTION. The parties also agree that Article XVIII shall satisfy the requirement for the adoption of evaluation procedures included in O.R.C. 3319.111 and Article XVIII shall supersede the evaluation requirements included in O.R.C. 3319.111. The parties further agree that nonrenewal decision shall be appealable through Article III, GRIEVANCE PROCEDURE, which shall supersede the appeals procedure included in O.R.C. 3319.11G.
Appellant argues that the language in this section is discretionary and, therefore, does not override the statutory procedures. That language alone, however, is not what determines whether the bargaining agreement "specifically provides to the contrary" as required by Naylor. The agreement in this case contains very specific evaluation and grievance procedures that are materially different from the statutory procedures. Taken together with the language from Article XVIII, Section E, it is evident that the parties intended that the negotiated bargaining agreement's procedures would prevail over the statutory procedures. SeeGalat v. Hamilton City School Dist. Bd. of Edn. (Oct. 26, 1998), Butler App. No. CA98-01-017, unreported at 9-10, 1998 Ohio App. Lexis 5015.
Consequently, to the extent that appellant argues that ECCSD did not evaluate her in accordance with R.C. 3319.111 and that she was denied a hearing under R.C. 3319.11(G), the trial court properly granted ECCSD's motion to dismiss because it did not have subject matter jurisdiction to consider her claims. The collective bargaining agreement, however, did not expressly supersede R.C. 3319.11(E) or the notice provision contained therein. This subdivision provides:
 Any teacher employed under a limited contract, and not eligible to be considered for a continuing contract, is, at the expiration of such limited contract, considered reemployed under the provisions of this division at the same salary plus any increment provided by the salary schedule unless evaluation procedures have been complied with pursuant to division (A) or section 3319.111 of the Revised Code and the employing board, acting upon the superintendent's written recommendation that the teacher not be reemployed, gives such teach written notice of its intention not to reemploy such teacher on or before the thirtieth day of April. (Emphasis added.)
A teacher is, therefore, entitled to receive written notice of the school district's intention not to reemploy on or before the thirtieth day of April or the teacher is presumed to be reemployed. It is the school district who has the burden of proving by a preponderance of the evidence that it gave notice in accordance with R.C. 3319.11. Zartman v.Lakota Local Sch. Dist. Bd. of Edn. (1972), 33 Ohio Misc. 217, 219; Stateex rel. Gray v. Springfield City Sch. Dist. Bd. of Edn. (Feb. 8, 1983), Clark App. 1713, unreported, 1983 Ohio App. Lexis 13325.
R.C. 3319.11(H)(1) governs the manner in which a teacher is to receive notice and provides:
 In giving a teacher any notice required by division * * * (E) of this section, the board or the superintendent shall do either of the following:
 (a) Deliver the notice by personal service upon the teacher;
 (b) Deliver the notice by certified mail, return receipt requested, addressed to the teacher at the teacher's place of employment and deliver a copy of the notice by certified mail, return receipt requested, addressed to the teacher at the teacher's place of residence.
In this case, appellant alleges in her complaint that she did not receive written notice by April 30th in compliance with R.C. 3319.11(E). ECCSD provided no evidence to support that it gave the required notice. The only reference to notice is contained in a memorandum addressed to appellant from ECCSD's director of personnel that is attached to appellant's complaint, which states:
 A copy of the non-renewal letter was sent by regular mail, registered mail and hand delivered, with other personnel file documents, to Ms. Coleman's home, on April 26, 2000, and received by a gentleman, answered the door, identifying himself as her husband. The delivery was made in the presence of a witness.
Appellant disputes that she received notice on this date and specifically alleges in her complaint that she did not receive notice by the thirtieth of April. ECCSD offered no evidentiary proof to refute that allegation and, instead, maintained that the trial court lacked subject matter jurisdiction over appellant's complaint.
Indeed, we agree with ECCSD that the trial court was without jurisdiction to consider the allegations in appellant's complaint as they pertain to the evaluation procedures employed and any subsequent appeal of an adverse decision. The collective bargaining agreement requires such claims to be submitted to binding arbitration and the agreement expressly supersedes the statutory procedures in this area. Nonetheless, the bargaining agreement does not supersede the notice provisions contained in R.C. 3319.11(E) and the trial court possesses jurisdiction to resolve the threshold issue of whether appellant received proper notice under this subdivision. See, e.g., Calkins v. Adams County/Ohio Valley LocalSchool Dist. Bd. of Edn. (June 15, 2000), Adams App. Nos. 99CA673 
99CA674, unreported at 9, 2000 Ohio App. Lexis 2818. The record in this case does not support that ECCSD submitted any evidence to support that it gave the written notice required by state.
Consequently, the trial court erred in finding that it lacked subject matter jurisdiction to the extent that it lacked jurisdiction to decide the issue of notice. We, therefore, reverse the decision of the trial court and remand for the trial court to resolve the issue of whether appellant received proper notice in compliance with R.C. 3319.11(E).
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J. and ANN DYKE, J., CONCUR
[1] Appellant's complaint also included several individually named defendants, including the ECCSD superintendent, treasurer and director of personnel. Appellant voluntarily dismissed these defendants during the course of these proceedings.
[2] Appellant likewise alleged violations of R.C. 121.22, the open meeting law, but similarly dismissed these claims.
[3] Although ECCSD's motion is captioned as a Civ.R. 12(B)(6) motion, it was argued and decided as a Civ.R.12(B)(1) motion.