OPINION JUDGMENT ENTRY
{¶ 1} Appellant Zanesville City School District Board of Education ("Board") appeals the decision of the Muskingum County Court of Common Pleas on the basis that the trial court erred when it determined the Board failed to comply with the statutory requirements of R.C. 3319.111 by failing to renew the teaching contract of Appellee Shelley Cox. The following facts give rise to this appeal.
 {¶ 2} On March 26, 2003, appellee received a letter from the Superintendent of the Zanesville City School District informing her that he intended to recommend, to the Board, at the April 17, 2003 board meeting, that her limited contract not be renewed for the school year 2003-2004. On April 21, 2003, appellee received a letter, from the Board, notifying her that the Board had decided not to renew her contract for the upcoming school year.
 {¶ 3} Appellee requested, pursuant to R.C. 3319.11(G), that the Treasurer of the Board provide her with a written statement describing the circumstances that led to the Board's decision not to renew her contract. On April 25, 2003, appellee received a letter outlining the reasons for non-renewal of her contract. The letter was signed by the Director of Human Resources.
 {¶ 4} Thereafter, on May 1, 2003, appellee made a written request, to the Treasurer of the Board, for a public hearing before the Board concerning the non-renewal of her contract. The Board conducted the hearing on May 30, 2003. On June 6, 2003, the Board issued its findings and conclusions affirming its previous decision not to renew her limited teaching contract.
 {¶ 5} On July 2, 2003, appellee filed, in accordance with R.C. 3319.11(G)(7), a complaint in the trial court challenging the Board's decision not to reemploy her as a teacher. On March 10, 2004, the trial court issued its decision ordering reinstatement of appellee. The trial court determined the Board failed, in its evaluation of her teaching performance, to give her specific recommendations regarding any desired improvements and the means by which she could obtain assistance in making such improvements.
 {¶ 6} The Board timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 7} "I. The court erred when it held that defendant-appellant Zanesville City School District failed to comply with the requirements of Ohio Revised Code. (sic) §3319.111 when it nonrenewed the limited teaching contract of plaintiff-appellee Shelley Cox."
 Standard of Review {¶ 8} R.C. 3319.11(G)(7) outlines the scope of appeal of a board's decision not to reemploy a teacher. This statute provides, in pertinent part:
 {¶ 9} "A teacher may appeal an order affirming the intention of the board not to reemploy the teacher to the court of common pleas of the county[.] * * * Notwithstanding Section 2506.04 of the Revised Code, the court in an appeal under this division is limited to the determination of procedural errors and to ordering the correction of procedural errors and shall have no jurisdiction to order a board to reemploy a teacher, except that the court may order a board to reemploy a teacher in compliance with the requirements of Division (B), (C)(3), (D), or (E) of this section when the court determines that evaluation procedures have not been complied * * * or the board has not given the teacher written notice on or before the thirtieth day of April of its intention not to reemploy the teacher * * *. Otherwise, the determination whether to reemploy or not reemploy a teacher is solely a board's determination and not a proper subject of judicial review and, except as provided in this division, no decision of a board whether to reemploy or not reemploy a teacher shall be invalidated by the court on any basis * * *."
 {¶ 10} Thus, the role of a trial court is to determine whether there was compliance with the requirements of R.C.3319.111. The role of the court of appeals is even more limited. We are to only determine whether the trial court abused its discretion. Lorain City Bd. of Edn. v. State Emp. Relations Bd.
(1988), 40 Ohio St.3d 257, 261-262. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Therefore, absent an abuse of discretion, we must affirm the trial court's decision.
 {¶ 11} It is based upon this standard that we review the Board's sole assignment of error.
 I {¶ 12} The Board maintains the trial court erred when it determined the Board failed to comply with the requirements of R.C. 3319.111 when it non-renewed appellee's limited teaching contract for the 2003-2004 school year. We disagree.
 {¶ 13} Appellee started her employment, with the Zanesville School District, during the 2001-2002 school year. Appellee was employed under a limited contract as an English teacher at Zanesville High School. Appellee continued her employment, for the 2002-2003 school year, under a limited contract. During the 2002-2003 school year, Assistant Principal George Maxey observed appellee's classroom on eight different occasions. Principal Maxey noted several problems with appellee's teaching style. Following each observation, Principal Maxey provided appellee with observation feedback sheets.
 {¶ 14} These observation feedback sheets provide as follows:
 {¶ 15} October 22, 2002 observation:
 {¶ 16} "Areas of Improvement:
 {¶ 17} "Students had too much idle time in the beginning of class. Students need to raise their hands before speaking. Too much idle talking. Students need more writing activities. Need to improve on pacing between individual students. May need to look at a new seating chart."
 {¶ 18} November 13, 2002 observation:
 {¶ 19} "Areas of Improvement:
 {¶ 20} "Some of the students were not involved with the lesson. Students need to learn to raise their hands. Students should not be allowed to change their seats without permission. Students should not be allowed to sleep in class. Too much idle time at the end of class."
 {¶ 21} December 18, 2002 observation:
 {¶ 22} "Areas of Improvement:
 {¶ 23} "Students need to [sic] trained not to scream out answers. Teacher needs to work on including more students within the lesson. (5 students fell asleep) Before starting the lesson, make sure students are paying attention. Allow students to work their way thru the question. Class ended with 11 minutes left. Students should not be permitted to walk around the classroom without permission."
 {¶ 24} February 25, 2003 observation:
 {¶ 25} "Areas of Improvement:
 {¶ 26} "Majority of the class didn't complete the required readings. Three students didn't have their books. Teacher may want to walk around more often during journal time because two students fell asleep."
 {¶ 27} February 28, 2003 observation:
 {¶ 28} "Areas of Improvement:
 {¶ 29} "Students should be more attentive while other students perform in front of the class. The assignment seemed to (sic) difficult for the male students. Teacher may want to separate two students on the left side of the classroom."
 {¶ 30} March 11, 2003 observation:
 {¶ 31} "Areas of Improvement:
 {¶ 32} "Teacher should have fixed the tracking on the VCR. Teacher should have the students take notes or created (sic) a worksheet of the movie so the students would be force (sic) to be more attentive. It might have deeased on the amount of idle talking and sleeping during the movie."
 {¶ 33} March 17, 2003 observation:
 {¶ 34} "Areas of Improvement:
 {¶ 35} "Six students walked in after the bell. Students seem restless. Students shouldn't yell out questions or answers. Too much idle talking during the assignment. Teacher should have incorporated the students more into the lesson."
 {¶ 36} Based upon these observations, Principal Maxey gave appellee two formal evaluations, which noted areas of improvement pertaining to classroom environment. The first evaluation, dated January 15, 2003, provides as follows:
 {¶ 37} "Mrs. Cox needs to devote more time to her lesson planning. She doesn't seem to have a firm grip on efficient time organization and utilization. Her classes are either hurrying to complete an assignment or have too much free time. Mrs. Cox has virtually lost control of her ninth period class. Students are continually disturbing others and learning has definitely ceased to occur in this classroom. Students no longer respect Mrs. Cox or the subject she teaches."
 {¶ 38} The second evaluation, dated March 21, 2003, provides:
 {¶ 39} "Mrs. Cox has been unable to apply sound principles of pupil growth and development. Mrs. Cox has been below-standard in maintaining student interest and ability to manage groups of pupils."
 {¶ 40} Appellee was employed under a limited contract. The non-renewal of her contract is governed by R.C. 3319.11 and R.C.3319.111. For purposes of this appeal, R.C. 3119.111 is pertinent as it sets forth the specific procedural requirements by which a teacher's supervisor must observe and evaluate a teacher's performance, in any school year, if a board declares its intention not to reemploy a teacher. The statutory requirements are as follows:
 {¶ 41} (1) One evaluation must be completed no later than January 25, and the other must be completed no later than April 1. In both cases, the teacher must receive the results of the evaluation not more than ten days later.
 {¶ 42} (2) The evaluation must be conducted by a person employed by the board of education and holding a license designated for being a superintendent, assistant superintendent, or principal.
 {¶ 43} (3) Evaluations must be based on observation of the teacher being evaluated by the person conducting the evaluation on at least two occasions for not less than thirty minutes on each occasion.
 {¶ 44} (4) A written report of the evaluation that includes specific recommendations regarding any improvements needed in the performance of the teacher being evaluated and regarding the means by which the teacher may obtain assistance in making such improvements.
 {¶ 45} In its judgment entry reversing the decision of the Board, the trial court focused on Principal Maxey's recommendations. Specifically, the trial court stated, "In reviewing the evaluations done in this case, the Court finds that while many things were included under the heading of `Areas of Improvement", little, if any, recommendations or means by which Ms. Cox could obtain assistance in improvement were given. The catch-all phrase of see me before next observations if you have any questions, comments or concerns does not serve this purpose." Judgment Entry, Mar. 10, 2004, at 1-2.
 {¶ 46} In reaching its decision, the trial court relied upon the case of Naylor v. Cardinal Loc. School Dist. Bd. of Edn.,69 Ohio St.3d 162, 1994-Ohio-22. The Naylor decision addressed the adequacy of an evaluator's recommendations as required by R.C. 3319.111. The Court held:
 {¶ 47} "In each of these evaluation reports, the evaluator cited one or more areas in which plaintiff needed improvement in her teaching performance. While the evaluator in these reports did in some areas provide adequate specific recommendations for improvement and means to obtain assistance, in other areas such as `encourages student participation' he did not. Similar to our holding in the third paragraph of the syllabus in Farmer,supra, we hold that the failure of the board of education to satisfy the requirements of R.C. 3319.111(B)(3) constitutes a failure to comply with the evaluation requirements of R.C.3319.111(A), and such failure will permit a reviewing court to order the board to re-employ the teacher pursuant to R.C.3319.11(G)(7)." [Footnote omitted.] Id. at 166.
 {¶ 48} Based upon our review of the record in the case sub judice and the Naylor decision, we conclude the trial court did not abuse its discretion when it ordered appellee to be reinstated on the basis that the evaluations failed to comply with the express language of R.C. 3319.111(B)(3). The observation feedback sheets and two evaluations provided appellee with general feedback. The documents did not provide appellee with any specific recommendations regarding any desired improvements nor the means by which she could obtain assistance in making such improvements. The comment that appellee should see Principal Maxey before the next observation does not serve the purpose of R.C. 3319.111(B)(3).
 {¶ 49} Although a school board does not have the burden to assure that every teacher fully appreciates a recommendation made during an evaluation, the recommendation must be made and it must be specific enough to alert a reasonable person to the need for change. Springer v. Bd. of Edn. Cleveland Heights-Univ. HeightsSchool (Mar. 9, 2000), Cuyahoga App. No. 75939, at 6. In the matter currently before the court, Principal Maxey clearly identified problems with appellee's teaching abilities, however, he did not provide appellee with specific recommendations alerting her how she may obtain assistance to make the necessary improvements.
 {¶ 50} Accordingly, the Board's sole assignment of error is overruled. We will not address appellee's argument that she was not observed by Principal Maxey for a period of at least thirty minutes duration on November 13, 2002 and December 18, 2002, as this argument is moot.
 {¶ 51} For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.
Judgment affirmed.
Wise, J. and Hoffman, P.J., concur.
Farmer, J., dissents.