STATE OF MAINE                                        SUPERIOR COURT
                                                     CIVIL ACTION
KENNEBEC, ss.                                        DOCKET NO. AP-08-77
                                                     JMS  ·· /· /)  //·/··/··

MAINE SCHOOL ADMINISTRATIVE
DISTRICT NO. 63 (MSAD No. 63),

        Petitioner

        v.                                           DECISION

COMMISSIONER OF THE
DEPARTMENT OF EDUCATION,

        Respondent

        And

LOUISE REGAN,

        Party-In-Interest

        Before this court is party-in-interest Louise Regan's motion to dismiss the

petitioner's 80C appeal pursuant to M.R. Civ. P. 12(b)(6) for failure to state a claim upon

which relief can be granted.

Facts

        Louise Regan is the former Superintendent of MSAD No. 63. She was terminated

from her employment as Superintendent by the MSAD No. 63 School Board. She

appealed the Board's decision on August 6, 2008, pursuant to 20-A M.R.S. § 1052(3).

        Ms. Regan requested and suggested that the Commissioner stay her appeal while

a federal lawsuit was litigated in Federal District Court. The Commissioner granted the

request and stayed all the proceedings in the appeal until completion of the federal

lawsuit.

        MSAD No. 63 filed an 80C appeal (Petition For Review Of Failure Or Refusal To

Act) arguing that the Commissioner must act on the pending appeal and that the

Commissioner has no discretion to continue or stay the appeal pending the conclusion of federal litigation. Regan has filed this Motion to Dismiss MSAD 63's 80C appeal.

Discussion

Petitioner argues that the stay constitutes an illegal delay in the appellate process. Petitioner asserts that the appeal to the Commissioner of Education by Louise Regan must be decided on the record established before the MSAD 63 school board and not an adjudicatory hearing requiring presentation of evidence and examination of witnesses.

An initial determination of this issue is critical because there would be no reason to hold off the appeal while the federal case is pending if the appeal was simply on the record before the school board. However, if the parties to the appeal were able to develop the facts prior to an adjudicatory hearing before the Commissioner, then there is a legitimate interest in judicial economy in allowing the development of the facts by way of the discovery process in the federal litigation. It would be inefficient for the parties to proceed through a discovery process in the appellate procedure as well as a discovery process in the federal litigation.

This court concludes that Louise Regan's appeal to the Commissioner of Education is entitled to an adjudicatory hearing as set out in Title 5, Maine Administrative Procedures Act.

Title 20-A M.R.S. § 3 states that rules conducting adjudicatory hearings shall be held in accordance with the Maine Administrative Procedures Act.

Title 20-A M.R.S. § 1052(3) states that the Superintendent may appeal a school board's decision to the Commissioner and the Commissioner shall hold a hearing as part of the appeal. A hearing under this section necessarily includes a right to present evidence and examine witnesses. The language contained in Title 20-A M.R.S. § 1052(3)

uses the term "hearing" rather than "adjudicatory hearing" but so does in the language contained the Maine Administrative Procedures Act, Title 5, §§ 952 and 952-A. They all use the term "hearing" rather than "adjudicatory hearing." They mean the same thing. Although section 1052(3) does not define "hearing" as an adjudicatory hearing under Title 5, most authorities equate the term "hearing" with a proceeding where evidence is admitted and witnesses are examined.

In *Naylor v. Cardinal Local District of Education*, 630 N.E.2d 725, 731 (Ohio 1994), the court held that a statutory hearing provided to a teacher disputing a nonrewewal of a contract includes the presentation of evidence and the examination of witnesses. *See also Watahomigie v. Arizona Brd. of Water Quality*, 887 P.2d 550,560-561 (Ariz. Ct. App. 1994).

By explicitly stating that any appeal under section 1052(3) would entitle the appellant to a hearing, the legislature clearly intended more than a review of the record below.

iIt is not clear whether the Commissioner needs a good reason to continue or stay the appeal of Regan pending the completion of the federal litigation; nevertheless, this court finds and concludes that federal litigation involving the same facts and the possible overlap of remedies certainly gives the Commissioner a good reason to continue the appeal. If the appeal did proceed at the same time as the federal litigation, the Commissioner most likely will be dealing with discovery and scheduling issues at the same time as the federal courts would be dealing with the same issues.

The development of the facts during the discovery process will not be duplicated by a discovery process in both the federal litigation and the appellate procedure before the Commissioner. There is no question that the discovery of evidence in the federal litigation will be used in the appellate process. Furthermore, the disposition of the case

at the federal level may result in the resolution of the appeal. As stated above, the court is not certain that the Commissioner needs a good reason to continue or stay the appeal pending the federal litigation; however, this court finds and concludes that there is a good reason to continue and stay the appeal pending the federal litigation.

For this reason, the court finds that the Regan's motion to dismiss this pending 80C appeal shall be GRANTED. It is hereby ORDERED that the petitioner's 80C appeal is hereby DISMISSED.

The clerk is directed to incorporate this Order into the docket by reference.

Dated: January ___, 2009

Joseph M. Jabar
Justice, Superior Court

Attorney for Petitioner
Brian Dench
P.O. Box 3200
Auburn, ME 04212-3200

Attorney for Respondent
Sarah Forster
Office of Attorney General
6 State House Station
Augusta, ME 04333-0006

Attorney for Party in Interest
Thad Zmistowski
P.O. Box 1210
Bangor, ME 04402-0111

Date Filed __11/13/08__ __Kennebec__ Docket No. __AP08-77__
County

Action __Petition for Review__
80C

__Maine School Administrative District__ vs. __Comm. of Depart. of Education et al__

| Plaintiff's Attorney #63 | Defendant's Attorney |
|---|---|
| - Bryan M. Dench, Esq.<br>95 Main Street<br>P.O. Box 3200<br>Auburn, maine 04212-3200<br>-Kelly M. Hoffman, Esq.<br>PO Box 3200<br>Auburn, ME 04212-3200 | Sarah Forster AAG<br>6 State House Station<br>Augusta ME 04333-0006<br>(for Louise Regan)<br>Thad Zmistowski Esq<br>PO Box 1210<br>Bangor ME 04402-1210 |

| Date of Entry | |
|---|---|
| 11/13/08 | Petition for Review, filed. s/Dench, Esq. |
| 12/09/08 | Filed 12/04/08: Entry of Appearance on behalf of Commissioner of the Department of Education filed by AAG Forster. Commissioner's position is that the petition fails to identify a failure to act.<br><br>Filed 12/05/08: Motion to dismiss filed by Atty Zmistowksi, attorney for Louise Regan. |
| 12/26/08 | Letter entering appearance, filed 12/10/08. s/Hoffman, Esq. |
| 12/26/08 | Motion To Dismiss Petitition And For Stay Of Filing Administrative Record With Incorporated Memorandum Of Law, filed 12/10/08. s/Forster, AAG |
| 12/24/08 | Plaintiff-Petitioner's Memorandum in Opposition to Motion to Dismiss, filed. s/Hoffman, Esq. |
| 1/2/09 | Reply to Plaintiff Petitioners' Memorandum in Opposition to Motion to Dismiss, filed. s/Dumais, Esq. |
| 1/5/09 | Letter regarding Motion to Dismiss, filed. s/Hoffman, Esq. |
| | Notice of setting for __1/8/09 @ 8:30__<br><br>sent to attorneys of record. |
| 1/8/09 | Hearing held with Hon. Justice Joseph Jabar, presiding.<br>Bryan Dench, Esq. for the Petitioner and Sarah Forster, AAG for the Respondent.<br>Oral arguments made to the court. Court to take matter under advisement. |
| 1/22/09 | DECISION, Jabar, J. (1/21/09)<br>For this reason, the court finds that the Regan's Motion to dimiss this pening 80C appeal shall be GRANTED. It is hereby ORDERED that the petitioner 80C appeal is hereby DISMISSED.<br>Copies mailed to attys. of record. |