DOVE, Appellant,

v.

ALLEN COUNTY EDUCATIONAL SERVICE CENTER
GOVERNING BOARD, Appellee.

[Cite as *Dove v. Allen Cty. Educational Serv. Ctr.
Governing Bd.* (1997), 118 Ohio App.3d 102.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–96–70.

Decided Feb. 5, 1997.

*Kalniz, Iorio & Feldstein Co., L.P.A.*, and *Brendan G. Meyer*, for appellant.

*Scott, Scriven & Wahoff* and *Gregory B. Scott*, for appellee.

Thomas F. Bryant, Judge.

This appeal is taken by appellant Sandra Dove from judgment of the Court of Common Pleas of Allen County affirming the decision of appellee Allen County Educational Service Center Governing Board ("the board").

On September 15, 1995, Special Education Coordinator Craig Kohli observed Dove strike a student. A few days later, an educational aide in Dove's class reported abusive disciplinary techniques to the administration. The acting superintendent, Don Smith, reported the suspected abuse to Allen County Children's Services and reassigned Dove to projects to be performed from her home. On November 1, 1995, Allen County Children's Services issued a letter confirming three substantiated instances of abusive behavior by Dove.

On December 12 and December 13, 1995, Dove was assigned to work on projects at the office so that she could be observed for evaluation. Kohli and the Director of Curriculum Services, Brian Rockhold, observed her separately for at least thirty minutes each and prepared a written evaluation on January 12, 1996. Dove received a copy of this evaluation on January 19, 1996. Included in the evaluation were recommendations for improvement.

On February 13 and 20, 1996, Dove was again assigned to projects in the office for the purpose of observational evaluation. Dove was reviewed by Kohli and Rockhold for at least thirty minutes each. On March 1, 1996, Kohli and Rockhold submitted a written evaluation, with Dove receiving a copy on March 14, 1996. This evaluation recommended that Dove's contract not be renewed.

On March 18, 1996, the board, on Smith's recommendation, decided not to renew Dove's contract. Dove received written notice of this on March 22, 1996. On March 28, 1996, Dove requested a written statement of the reason for the nonrenewal. The board provided this statement on April 1, 1996. The statement claimed that the board was not renewing Dove's contract due to her unsatisfactory written evaluations and the "substantiated" instances of abuse by Dove toward three students. On April 4, 1996, Dove requested a hearing before the board. Dove was notified on April 10, 1996, that the hearing would be held on April 15, 1996. This hearing was postponed, by request of Dove, until May 8, 1996.

On May 8, 1996, the board held the hearing. Testifying at the hearing, Smith gave the reasons for his recommendation and introduced several documents from his office as exhibits. Dove's representative cross-examined Smith. Dove then testified on her own behalf and entered exhibits into evidence.

On May 9, 1996, Dove received a copy of the board's resolution and its findings and conclusions. Dove filed an appeal to the Allen County Court of Common Pleas on June 4, 1996. The administrative record was submitted to the common

pleas court on July 2, 1996. On September 20, 1996, the common pleas court entered a memorandum opinion and judgment entry affirming the board's nonrenewal. It is from this judgment that Dove appeals.

Dove makes the following assignments of error.

"The Board violated R.C. 3319.11 and 3319.111, by evaluating Dove's performance on matters not observed and unrelated to the work she was performing and assigning her to home for the remainder of the year."

"Dove's right to due process was violated when the Board's entire case was presented through hearsay evidence and her evaluators failed to appear at the hearing."

An appeal from an order of an educational service center is governed by R.C. 3319.11(G)(7). This statute states as follows:

"A teacher may appeal an order affirming the intention of the board not to reemploy the teacher to the court of common pleas of the county in which * * * the school district is located * * *.

"[T]he court in an appeal * * * is limited to the determination of procedural errors and to ordering the correction of procedural errors and shall have no jurisdiction to order a board to reemploy a teacher, except that the court may order a board to reemploy a teacher * * * when the court determines that evaluation procedures have not been complied with * * * or the board has not given the teacher written notice on or before the thirtieth day of April of its intention not to reemploy * * *. Otherwise, the determination whether to reemploy or not reemploy a teacher is solely a board's determination and not a proper subject of judicial review and, * * * no decision of a board whether to reemploy or not reemploy a teacher shall be invalidated by the court on any basis * * *."

When reviewing the decision of the common pleas court, the court of appeals "must not substitute [its] judgment for those of an administrative agency or a trial court." *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264, 267.

The courts may order the reinstatement of a teacher whose contract was not renewed only if the board has violated the evaluation requirements of R.C. 3319.111 or the notice requirements of R.C. 3319.11(E). *Gerner v. Salem City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 170, 630 N.E.2d 732. In this case, the notice requirements were met. Dove received timely copies of the evaluations and was notified before April 30, 1996 of the board's intent not to renew her contract. Thus, R.C. 3319.11(E) is satisfied. This leaves R.C. 3319.111, which states:

"(A) Any board of education that has entered into any limited contract * * * with a teacher * * * shall evaluate such a teacher in compliance with the requirements of this section in any school year in which the board may wish to declare its intention not to re-employ him * * *.

"This evaluation shall be conducted at least twice in the school year in which the board may wish to declare its intention not to re-employ the teacher. One evaluation shall be conducted and completed not later than the fifteenth day of January and the teacher being evaluated shall receive a written report of the results of this evaluation not later than the twenty-fifth day of January. One evaluation shall be conducted and completed between the tenth day of February and the first day of April and the teacher being evaluated shall receive a written report of the results of this evaluation not later than the tenth day of April. " * * *

"(B) Any board of education evaluating a teacher * * * shall adopt evaluation procedures that shall be applied each time a teacher is evaluated pursuant to this section. These evaluation procedures shall include, but not be limited to:

"(1) Criteria of expected job performance in the areas of responsibility assigned to the teacher being evaluated;

"(2) Observation of the teacher being evaluated by the person conducting the evaluation on at least two occasions for not less than thirty minutes on each occasion;

"(3) A written report of the results of the evaluation that includes specific recommendations regarding any improvements needed in the performance of the teacher being evaluated and regarding the means by which the teacher may obtain assistance in making such improvements."

Here, Kohli and Rockhold observed Dove on separate occasions while she performed assigned work in the superintendent's office. In addition, Kohli had observed Dove's classroom behavior that led to her reassignment. The observations were for at least thirty minutes each on December 12 and 13, 1995. The report was filed on January 12, 1996, and a copy was personally given to Dove on January 19, 1996. Thus, the statutory deadlines were met. Additionally, the minimum time requirements were also met, and Dove was given a list of recommendations for improving her performance.

On February 13 and 20, 1996, Kohli and Rockhold again observed Dove perform assigned work in the office for a minimum time of thirty minutes. The evaluation was prepared by March 1, 1996, and Dove received a copy of the second evaluation on March 14, 1996. Kohli and Rockhold incorporated the recommendations of the first review by attaching a copy of the recommendations. As before, the evaluation procedure complied with the statute.

■ Dove claims that the board did not comply with the evaluation procedure because the evaluation contained items that the evaluators did not see during their observation times. Thus, Dove argues, she should be reinstated. We do not agree. R.C. 3319.111 sets forth the basic criteria to be considered for the evaluation. Nowhere does the statute state that the evaluation must be limited to what is observed. In fact, the statute states specifically that the "evaluation procedures shall include, but not be limited to" the listed criteria. R.C. 3319.111(B). This means that the board is free to include other information in the evaluation report than just that observed during the formal observation period. Here, the evaluators took the information they learned from their observation period as well as the surrounding circumstances in reaching their evaluation. They also complied with the requirement of giving recommendations by incorporating those from the first review. *Thomas v. Newark City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 251, 643 N.E.2d 131.

■ Dove also claims that the evaluators were required to evaluate her in a classroom setting before making the recommendations they did. However, the statute does not require the observation to be of classroom work. The statute requires only the evaluation of the person while doing the tasks to which he or she was assigned. R.C. 3319.111(B)(1). Here, Dove was assigned to do office work by Smith. Since Smith has the authority to assign nonteaching duties to teachers under the employment contract, her evaluation was proper. Therefore, the common pleas court had sufficient evidence to support its ruling that the board had complied with the statutory procedure. Dove's first assignment of error is overruled.

■ Dove's second assignment of error is that she was denied due process during the hearing when the board's case was presented through hearsay evidence and she had no opportunity to confront the evaluators. The first issue raised by this assignment is whether the board could consider the hearsay testimony offered by Smith. However, the Rules of Evidence only "govern proceedings in the courts of this state, subject to the exceptions stated in division (C) of this rule." Evid.R. 101(A). Division (C) does not contain an exception for an administrative hearing. Thus, the board was free to consider all the testimony presented as long as "the discretion to consider hearsay evidence [was not] exercised in an arbitrary manner." *Day Lay Egg Farm v. Union Cty. Bd. of Revision* (1989), 62 Ohio App.3d 555, 560, 577 N.E.2d 84, 88.

■ In this case, the board did not act arbitrarily in allowing Smith to testify as to the evaluations and the cause of his recommendation not to renew

Dove's contract. Smith had personal knowledge of this information and was subject to cross-examination by Dove. In addition, the board could properly consider the documents admitted as exhibits because they would be admissible in a court under the business records and public records exceptions. Evid.R. 803. Thus, the use of hearsay evidence by the board was not arbitrary.

The second issue raised by Dove's assignment of error is that she did not have an opportunity to confront the evaluators. In support of this argument, Dove cites cases in which the courts have overturned the board's decision based on the refusal to allow the teacher to confront the witnesses. *Naylor v. Cardinal Local School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 162, 630 N.E.2d 725, and *Hunt v. Westlake City School Dist.* (1995), 100 Ohio App.3d 233, 653 N.E.2d 732. However, these cases are clearly distinguishable. In those cases, the teacher was denied the opportunity to present evidence, testify, present witnesses, or cross-examine any witnesses. Here, Dove was permitted to cross-examine Smith, testify, and to enter her own exhibits. Dove was permitted to question Smith about the evaluations and the reasons behind the recommendation for nonrenewal. Also, Dove could have called the evaluators herself if she really wanted them there. The fact that Dove did not take full advantage of her opportunities does not warrant a reversal. Thus, we find nothing in the record to indicate that Dove was denied due process in the hearing. The second assignment of error is overruled.

The judgment of the Court of Common Pleas of Allen County is affirmed.

*Judgment affirmed.*

SHAW and EVANS, JJ., concur.