ACCEPTED
03-14-00629-CV
4797510
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/7/2015 4:56:20 PM
JEFFREY D. KYLE
CLERK

_____

**NO. 03-14-00629-CV**

**IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/7/2015 4:56:20 PM
JEFFREY D. KYLE
Clerk

_____

**LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT
and MICHAEL L. WILLIAMS, Commissioner of Education, State of Texas
Appellants**

**v.**

**JORGE VAZQUEZ,
Appellee**

_____

**On Appeal from the 419th Judicial District Court, Travis County, Texas
Trial Court No. D-1-GN-13-003654
Honorable Scott Jenkins, Judge Presiding**

_____

**REPLY BRIEF OF APPELLANT
LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT**

_____

**WALSH, ANDERSON, GALLEGOS, GREEN & TREVIÑO,P.C.**
**STACY T. CASTILLO**
State Bar No. 00796322
**D. CRAIG WOOD**
State Bar No. 21888700
**ELIZABETH G. NEALLY**
State Bar No. 14840400
100 N.E. Loop 410, #900
San Antonio, Texas 78216
Phone (210) 979-6633; Fax (210)979-7024

ATTORNEYS FOR LOS FRESNOS CISD

**APPELLANT LOS FRESNOS CISD REQUESTS ORAL ARGUMENT**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................i

INDEX OF AUTHORITIES11

ARGUMENT ..............................................................................................................3

    A. Not Administrative Activism......................................................................3
    B. No Right to Due Process in Non-Renewal Hearings ..................................5
    C. Sister State Courts Agree...........................................................................6
    D. Even if Due Process was Required, Vasquez Received Due Process.............7

CONCLUSION AND PRAYER ...................................................................................8

CERTIFICATE OF SERVICE ...................................................................................10

CERTIFICATE OF COMPLIANCE...........................................................................11

# INDEX OF AUTHORITIES

**Cases**

*Cleveland Bd. of Educ. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) ........................................................................................................................7

*Demming v. Housing & Redevelopment Auth.*, 66 F.3d 950 (8th Cir.1995) ..............7

*Dews v. Tyler ISD,* Docket No. 053-RI-0508 (Comm'r Educ. 2008) ....................5, 6

*Dodd v. Meno*, 870 S.W.2d 4 (Tex.1994) ..............................................................4

*Dove v. Allen County Educational Service Center Governing Board*, 118 Ohio App.3d 102, 691 N.E.2d 1127 (1997) ...................................................................6

*Flath v. Garrison Public School District,* No. 51, 82 F.3d 244 (8th Cir. 1996)........7

*Satterfield v. Edenton-Chowan Board of Education*, 530 F.2d 567 (1975) ..............7

*Spring Indep. Sch. Dist. v. Dillon*, 683 S.W.2d 832 (Tex.App.—Austin 1984, no writ)........................................................................................................................5

*Stratton v. Austin Indep. Sch. Dist.*, 8 S.W.3d 26 (Tex. App. – Austin 1999, no writ) ....................................................................................................................3, 5

*TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432 (Tex. 2011) ..................4

*Wilson v. Board of Education of Fort Worth Indep. Sch. Dist.*, 511 S.W.2d 551, (Tex. App. – Fort Worth, 1974, writ ref'd n.r.e ) ..................................................5


**Statutes**

EDUCATION CODE, Section 7.002........................................................................3

STATE BOARD OF EDUCATION § 11.13(a) (b) ...........................................................4

STATE BOARD OF EDUCATION § 11.25 ...................................................................4

STATE BOARD OF EDUCATION § 11.52(1)................................................................4

TEX. EDUC. CODE §21.204 (e);.............................................................................3

Texas Education Code Section 21.256(d)................................................................6

_____

NO. 03-14-00629-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

_____

LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT
and Michael L. WILLIAMS, Commissioner of Education, State of Texas
Appellants

v.

Jorge VAZQUEZ,
Appellee

_____

On Appeal from the 419 Judicial District Court, Travis County, Texas
Trial Court No. D-1-GN-13-003654
Honorable Scott Jenkins, Judge Presiding

_____

REPLY BRIEF OF APPELLANT
LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT
_____

To the Honorable Justices of the Third Court of Appeals:

Appellant Los Fresnos Consolidated Independent School District ("Los Fresnos CISD," "LFCISD" or "the District,") files its Reply Brief in this appeal. The District points the Court to its initial Brief of Appellant for its Identity of the Parties and Counsel, Statement of the Case, Statement on Oral Argument, Issues Presented on Appeal, Statement of Facts, Summary of the Argument, and

Argument. This Reply Brief is to direct the Court's attention to additional authority supporting the Brief of Appellant. As set out below, this Court should reverse the trial court's order and affirm the Commissioner's decision, upholding Vazquez' nonrenewal.

# ARGUMENT

## A.  *Not Administrative Activism*

In his Response Brief, Appellee, Jorge Vasquez, Jr., accuses the Commissioner of Education of exercising "administrative activism," which he describes as happening when an executive branch decides to make new law, as opposed to simply administering the laws enacted by the legislature. Appellee blindly states that the Commissioner changed existing law. Clearly, however, the law relied on by District, the rulings of the Commissioner in prior cases, was not law applied only to the instant case. Certainly the *Stratton* case relied upon by the District in conducting its nonrenewal hearing of Vasquez has been in existence for more than a decade.  See TEX. EDUC. CODE §21.204 (e); *Stratton v. Austin Indep. Sch. Dist.*, 8 S.W.3d 26, 29-30 (Tex. App. – Austin 1999, no writ).

In the Education Code, Section 7.002, the Commissioner of Education is charged with carrying out the educational functions specifically delegated under 7.021, 7.055 or another provision of this code.  TEX. EDUC. CODE §7.002.  The Commissioner's powers include carrying out the duties imposed on the Commissioner by the board or the legislature.

The Commissioner of Education, is charged with having the following duties among others:

a.      The general duty of executing the school laws and the rules and regulations of the State Board of Education (§ 11.25).

b.      The power to interpret the rules and regulations of the State Board of Education, his opinions in that regard being "binding for observance on all officers and teachers." (§ 11.52(1)).

c.      The performance of adjudicative functions, together with the State Board of Education, in deciding appeals from local school authorities (§ 11.13(a), (b)).

Texas courts have held that the Commissioner of Education's interpretation of provisions in the Education Code are to be upheld unless the interpretation is "plainly erroneous or inconsistent with the language of the statute, regulation, or rule."  See, *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432 (Tex. 2011).

Courts have held that when the Commissioner interprets statutes, his opinion merits serious consideration if it is reasonable and does not contradict the plain language of the statute.  *Dodd v. Meno*, 870 S.W.2d 4, 7 (Tex.1994); *Spring Indep. Sch. Dist. v. Dillon*, 683 S.W.2d 832, 841

(Tex.App.—Austin 1984, no writ).

**B.**   ***No Right to Due Process in Non-renewal Hearings***

Appellee wrongfully asserts that "the present case is the first instance, since the Term Contract Nonrenewal Act was enacted in 1981 in which the Commissioner has announced that hearsay can serve as substantial evidence."  The cases relied on by the District in both the nonrenewal hearing as well as during the trial and in Appellant's brief clearly dispute this statement.  Since at least 1999, in *Stratton v. Austin I.S.D.*, courts have upheld that there is no right to due process and therefore no right to the Rules of Evidence in a nonrenewal hearing.  While *Stratton* did not directly address the issue of hearsay, it did address the nonrenewal hearing and the issues relating to Rules of Evidence, which includes rules pertaining to hearsay.  *See*, *Stratton v. Austin Indep. Sch. Dist.*, 8 S.W.3d 26, 29-30 (Tex. App. – Austin 1999, no writ) and *Wilson v. Board of Education of Fort Worth Indep. Sch. Dist.*, 511 S.W.2d 551, 552 (Tex. App. – Fort Worth, 1974, writ ref'd n.r.e ).  Further, this is not a case of first impression, since the Commissioner has been consistently holding that nonrenewal hearings are not bound by hearsay since 2008.  In *Dews v. Tyler ISD*, on appeal to the Commissioner, the petitioner argued that the hearing exhibits were improperly admitted as evidence.  *See, Dews v. Tyler ISD*, Docket No. 053-R1-0508 (Comm'r Educ. 2008).  The Commissioner

determined that if the case had been heard before a certified hearing examiner, then the Texas Rules of Evidence would have applied to the hearing pursuant to Texas Education Code Section 21.256(d). *Id.*

**C.**     ***Sister State Courts Agree***

A Court of Appeals in Ohio upheld a teacher's non-renewal over her objection that the School Board had considered hearsay evidence and had considered an evaluation of her duties even though the evaluator was not present to testify. *Dove v. Allen County Educational Service Center Governing Board*, 118 Ohio App.3d 102, 691 N.E.2d 1127 (1997). The Court of Appeals concluded that, as in Texas, the Rules of Evidence were not meant to govern administrative proceedings by a school board. 118 Ohio App.3d at 107; 691 N.E.2d at 1131. The Court of Appeals noted, "Thus, the board was free to consider all the testimony presented as long as "the discretion to consider hearsay evidence [was not] exercised in an arbitrary manner." Id. The Court of Appeals went on to note that the teacher was free to present evidence and enter her own exhibits. Accordingly, "she could have called the evaluators herself if she really wanted them there." 118 Ohio App.3d at 108; 691 N.E.2d at 1131.

**D.** *Even if Due Process was Required, Vasquez Received Due Process*

A teacher in North Dakota appealed to the Eighth Circuit Court of Appeals complaining that her nonrenewal was based upon hearsay evidence only and that she was denied the opportunity to cross-examine witnesses. *Flath v. Garrison Public School District No. 51*, 82 F.3d 244 (8th Cir. 1996). The Eighth Circuit considered these complaints and rejected them. The Court held that, if any process was due, it was satisfied. The Court noted:

> "To satisfy pretermination due process, a public employee is entitled to notice of the charges, an explanation of the evidence, and an opportunity to be heard. *Cleveland Bd. of Educ. Loudermill*, 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985). Generally, something less than a formal adversarial hearing is required. *Demming v. Housing & Redevelopment Auth*., 66 F.3d 950, 953 (8th Cir.1995). Rather, the purpose of the pretermination hearing is to ensure that " 'there are reasonable grounds to believe that the charges against the employee are true and support the proposed action.' " Id. (quoting Loudermill, 470 U.S. at 546, 105 S.Ct. at 1495)."

The Eighth Circuit concluded the Teacher received notice of the contemplated nonrenewal and an explanation of the charges against her. She had an opportunity to respond to the charges at the nonrenewal hearing. She was thus afforded all the process she was due. Id, at 247.

Likewise, the Fourth Circuit Court of Appeals concluded that the consideration of hearsay testimony in a hearing before a school board was not

sufficient to generate a federal claim of denial of due process. *Satterfield v. Edenton-Chowan Board of Education*, 530 F.2d 567 (1975). The Fourth Court of Appeals noted that, the fact that there were complaints earlier called to the plaintiff's attention would be evidence of dissatisfaction with his work as a teacher. Id., at 575. The Court stated:

> "Although hearsay reports . . . are inadmissible in a court of law, I certainly do not hold that they are inadmissable in administrative hearings . . ., for such hearings need not conform to the standards of judicial or quasi-judicial trials, and flexibility and informality should often characterize them. Moreover it is possible that even reports of unnamed observers may by referring to a specific occasion allow the teacher an adequate opportunity to explain her conduct on that occasion."

> Id.

## CONCLUSION AND PRAYER

This Court must reverse the trial court's judgment and affirm the Commissioner's decision, upholding the nonrenewal decision.

WHEREFORE, PREMISES CONSIDERED, Appellant Los Fresnos Consolidated Independent School District prays that this Court reverse the trial court's Order and affirm the Commissioner's decision. Appellant requests that the Court grant all such other and further relief, special or general, at law or in equity, to which Appellant shows itself justly entitled.

Respectfully submitted,

**WALSH, ANDERSON, GALLEGOS,**
**GREEN & TREVIÑO, P.C.**
**STACY T. CASTILLO**
State Bar No. 00796322
**D. CRAIG WOOD**
State Bar No. 21888700
**ELIZABETH G. NEALLY**
State Bar No. 14840400
100 N.E. Loop 410, #900
San Antonio, Texas 78216
(210) 979-6633
(210)979-7024 (telecopier)

/s/ D. Craig Wood
D. CRAIG WOOD
State Bar No. 21888700

**ATTORNEYS FOR APPELLANT**
**LOS FRESNOS CISD**

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April 2015, a true and correct copy of the above and foregoing Appellant Los Fresnos Consolidated Independent School district's Reply Brief was electronically filed with the Clerk of the Court using CM/ECF system, and notification of such filing will be electronically sent to:

Mark W. Robinett
Brim, Arnett, Robinett & Conners, P.C.
2525 Wallingwood Drive, Building 14
Austin, TX 78746
mrobinett@brimarnett.com

Jennifer Hopgood
Nichole Bunker-Henderson
Assistant Attorneys General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Jennifer.Hopgood@texasattorneygeneral.gov
Nichole.Bunker-Henderson@texasattorneygeneral.gov

/s/ D. Craig Wood
D. CRAIG WOOD

## RULE 9.4 (i) Certification

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4 (i)(1), is 1,270.

**/s/ D. Craig Wood**
**D. CRAIG WOOD**